# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**ADAM KEITH CHARLES,**

    **Plaintiff,**

    v.

**FEDERAL BUREAU OF PRISONS,**

    **Defendant.**

Case No. 1:20-cv-217
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause is before the Court on Defendant Federal Bureau of Prison's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 18). For the reasons discussed below, the Court **GRANTS** the Motion and **DISMISSES** the case **WITHOUT PREJUDICE**.

## BACKGROUND

On January 5, 2018, Plaintiff Adam Keith Charles was sentenced to 14 months in prison (with credit for time served) followed by three years of supervised release in a federal criminal case. Charles alleges that, pursuant to his sentence, he should have been released from federal custody on August 21, 2018. That did not occur. Rather, he was not released until April 10, 2019. Based on that, Charles has sued the Federal Bureau of Prisons (the "Bureau"), alleging a variety of federal-constitutional and Indiana-common-law torts. The Bureau now moves to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), claiming that it is entitled to federal sovereign immunity.

## LEGAL STANDARD

When reviewing a facial challenge to a Court's subject-matter jurisdiction under Rule 12(b)(1), the Court must take as true all the well-pleaded allegations in the complaint. *See Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012) (quoting *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). The Court looks to the complaint for a "short and plain statement of the ground for the court's jurisdiction." *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss [for lack of jurisdiction]." *Id.* (quoting *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009)).

## LAW AND ANALYSIS

Since at least the mid-nineteenth century, it has been settled that the United States may not be sued without its consent. *See, e.g.*, *United States v. Lee*, 106 U.S. 196, 204 (1882); *United States v. McLemore*, 45 U.S. 286, 288 (1846). Without such consent, a Court lacks subject-matter jurisdiction over the suit. *Lee,* 106 U.S. at 204; *McLemore*, 45 U.S. at 288.

It is equally well-settled that the federal government's sovereign immunity extends to federal agencies—like the Bureau. *United States v. Testan*, 424 U.S. 392 (1976). Thus, to sue a federal agency, a plaintiff typically must locate a federal statute in which Congress waived the agency's sovereign immunity defense for the claim being asserted. *See, e.g.*, *Collin v. Comm'r of Soc. Sec.*, 881 F.3d 427, 430 (6th Cir.

2018); *Worldwide Equip. of TN, Inc. v. United States*, 876 F.3d 172, 175 (6th Cir. 2017).

Charles failed to do so here. He has not directed the Court to a single statute in which Congress has waived the Bureau's sovereign immunity for any claim he brings. Nor does he argue that any of his claims fall within an exception to that jurisdictional limitation.

The one statute that Charles *does* point to in his complaint, 18 U.S.C. § 1983, does not waive the federal government's immunity from suit. Indeed, it would be strange if Section 1983 did so. That statute authorizes monetary and injunctive relief against any "*person*" who, acting "under color of any … *State*" law deprives another person of his or her constitutional rights. *Id*. (emphasis added). Section 1983 is thus not concerned with any individual or agency (like the Bureau) operating pursuant to *federal* law. Nor does Section 1983 purport to abrogate any sovereign immunity— state *or* federal. It authorizes suits only against "person[s]"—not sovereigns (though the Supreme Court has held that a "person" under 1983 includes a municipality on the theory that a municipality is a corporation, and thus an "artificial person"). *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658 (1978).

Charles does not seriously dispute any of this. He argues instead that the government's assertion of federal sovereign immunity is "premature." (Resp. Br., Doc. 21, #61). This is because, according to Charles, discovery is needed "to factually and legally determine who and what agencies may be further investigated and what claims may be pursued." (*Id.*).

Charles's argument is a nonstarter. No amount of discovery will ever yield *facts* that bear on the purely *legal* question of whether the Bureau is entitled to federal sovereign immunity. And the law does not permit this Court to entertain suits against the federal government, in derogation of its sovereign immunity, so that plaintiffs can engage in fishing expeditions designed to identify someone who perhaps *can* be sued. *See C.H. By & Through Shields v. United States*, 818 F. App'x 481, 484 (6th Cir. 2020) (holding that a plaintiff is not entitled to jurisdictional discovery unless she can give the district court "'a reasonable basis to expect that discovery would reveal' evidence that supports the claimed jurisdiction" (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981))); *see also A.O. Smith Corp. v. United States*, 774 F.3d 359, 369 (6th Cir. 2014).

One final point. The above analysis relates to the Bureau's *facial* challenge to the Court's subject-matter jurisdiction. The Bureau also brings a *factual* challenge to the Court's subject-matter jurisdiction in the event the Court finds that the Federal Tort Claims Act applies to this case. *See* Federal Tort Claims Act, ch. 753, Title IV, 60 Stat. 842 (1946). That statute waives the federal government's "historic defense of sovereign immunity and accept[s] liability for money damages for injuries caused by the negligent or wrongful acts or omission of Government employees while acting within the scope of their office or employment at agencies that are performing governmental functions." 14 FED. PRAC. & PROC. JURIS. § 3658 (4th ed. April 2021 update).

4

The Bureau argues that the Federal Tort Claims Act cannot provide a basis for jurisdiction here, as it requires plaintiffs to administratively exhaust their claims before they sue the federal government under the Act, which the Bureau claims Charles has not done. In support of this argument, the Bureau attaches to its Motion the declaration of one of its senior attorneys who avers that Charles did not attempt to administratively exhaust his claims before filing this suit. Charles, for his part, explains that he did not have the information he needed to exhaust his claims before filing suit. He also claims that, after filing suit, he prepared an administrative tort claim that was either "not sent or sent and not received [by the Bureau]." (Resp. Br., Doc. 21, #61).

The Court need not explore this dispute more fully. Put aside for now the fact that Charles does not seem to invoke the Federal Tort Claims Act in any of the papers he submitted to the Court. Also put aside the fact that the Federal Tort Claims Act waives the federal government's sovereign immunity only from *common-law* torts, not *constitutional* torts (so the Act, if it applied, would waive federal sovereign immunity for only some and not all of Charles's claims). *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994). The larger problem is that Charles cannot base the Court's subject-matter jurisdiction on the Federal Tort Claims Act because the Act "clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States,* 909 F.2d 869, 871 (6th Cir. 1990); *see also* 28 U.S.C. § 2679(a). Thus, "[f]ailure to name the United States as defendant in a [Federal Tort Claims Act] suit results in a fatal lack of jurisdiction."

5

*Allgeier,* 909 F.2d at 871. Here, Charles named only the Bureau—not the United States—as the defendant in this suit. Accordingly, based on his Complaint, Charles cannot rely on the Federal Tort Claims Act for jurisdiction.

## CONCLUSION

For the reasons above, the Court **GRANTS** the Bureau's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 18) and **DISMISSES** the case **WITHOUT PREJUDICE**. The Court **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED.**

| | |
|---|---|
| August 4, 2021 | |
| **DATE** | **DOUGLAS R. COLE**<br>**UNITED STATES DISTRICT JUDGE** |