# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# DIVISION

| | | |
|---|---|---|
| ADAM KEITH CHARLES | ) | Case No. 1:20-cv-217 |
| 105 BASSETT LANE | ) | Judge Douglas Cole |
| CLEVES, OH 45002 | ) | |
|     Plaintiff, | ) | |
| | ) | **AMENDED COMPLAINT AND** |
| | **)** | **DEMAND FOR** |
|     Vs. | ) | **JURY TRIAL** |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| 101 INDEPENDECE AVENUE | ) | |
| WASHINGTON, D.C.20559 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS | ) | |
| 320 FIRST STREET, NW | ) | |
| WASHINGTON, DC 20534 | ) | |
| AND DOES 1-10, inclusive | ) | |
| | ) | |
|     Defendants | ) | |

Plaintiff, Adam Charles ("Plaintiff"), by and through counsel of record, Michael Sarapata, of the

law firm Sarapata & Associates, and for causes of action against the Defendants, hereby

complains and alleges, as follows:

## **PARTIES**

1.  Plaintiff is a citizen of the United States and a person within the jurisdiction thereof.  He

resided in Hamilton County, Ohio and was sentenced by the United States District Court,

Southern District of Ohio, Western Division to serve a period of incarceration at all times

relevant and, at the time of the referenced events, was a ward of the United States government.  Plaintiff currently resides in Hamilton County, Ohio.

2.  Defendant United State of America ("US") is a governmental agency located in Washington D.C.  The US is the governmental agency with its primary responsibility to administer, maintain and manage other federal governmental agencies.

3.  Defendant Federal Bureau of Prisons ("FBP") is a governmental agency with primary location located in Washington , D.C., and has a local office located in Hamilton County, Ohio.  FBP is a facility operating as a department/subdivision of the U.S. Department of Justice, with its primary responsibility to administer, manage and detain adults under its care, custody and control.  The FBP employs various people to care for, counsel, manage and provide custody for the incarcerated adults sentenced by the federal government.  Plaintiff was within the care and custody of the FBP, at all times relevant.

4.  Defendants DOES 1 through 10 are fictisously-named person or entities whose true identities are presently unknown to Plaintiff, but who may responsible, in whole or part, for the wrongful conduct alleged herein.  Plaintiff reserves the right to amend this Complaint, as further information becomes available, to properly identify the true names and identify of such Defendants and the specific acts and omissions giving rise to their liability.

5.  All Defendants were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs or usages of the United States government.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked and secured pursuant to 2 U.S.C. Section 1331, affording federal question jurisdiction, and 28 U.S.C. Section 1343, affording jurisdiction for violation of civil rights.

7. Plaintiff brings this action under the Federal Tort Claims Act 28 U.S. Code § 1346.

8. Plaintiff brings this action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment pursuant to 42 U.S.C. Section 1983.

9.  The Court has pendent jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. Section 1367, because there is a common nucleus of operative facts as to federal and state claims.

10. This Court has over jurisdiction over the Plaintiff's federal claims under 28 U.S.C. Section 1331, and supplemental jurisdiction pursuant to 42 U.S.C. Section 1983 and the Tenth and Eleventh Amendments to the United States Constitution.

11. Venue in the United States Court of the District of Ohio is appropriate under 28 U.S.C. Section 1391(b) and (c), in that all of the acts and omissions which form the basis of this Complaint occurred in Indiana. Plaintiff was a resident of Hamilton County, Ohio prior to and after the time of the wrongs alleged herein. Defendants US, FBP and Does are governmental subdivisions or employees of the agency of the United States or United States Department of Justice, and operating for the purposes of incarceration.

12. Venue properly lies in the southern district of Ohio pursuant to the general venue statute.

## STATEMENT OF FACTS

13. Plaintiff realleges and incorporates herein all the allegations set forth in all of the preceding paragraphs.

14. On May 17, 2017, the Plaintiff was detained for holders and was eventually detained in federal custody on June, 21st, 2017.  On or about July 12th, 2017, the Plaintiff entered a plea agreement for criminal acts alleged in Case Number 1:17CR082.  On or about January 5th, 2018, the Defendant was sentenced and Judgment entered on January 11, 2018.  The sentence ordered by the Court was the Plaintiff serve a period of incarceration of fourteen (14) months with three (3) years of supervised release.

15. The Plaintiff was not released from federal incarceration until April 10th, 2019.  The Plaintiff should have been released from federal incarceration on August 21, 2018.

16. An administrative claim was returned as being denied to the Plaintiff on June 6th, 2021.

## FIRST CAUSE OF ACTION -FEDERAL TORT CLAIMS ACT

17.  Plaintiff realleges and incorporates herein all the allegations set forth in all of the preceding paragraphs.

18. The Federal Tort Claims Act acts to waive the traditional defense of sovereign immunity and allows the pursuit of legal claims for negligent or wrongful acts or omission of Government employees acting within their scope of office or employment at agencies performing governmental functions.  28 U.S. Code § 1346.

19. At all times referred to in this Complaint, Defendants, acting either in concert or in conjunction, or those acting independently, were acting under color of state law, and in their individual capacities.

20. Under the Fourteenth Amendment's Due Process Clause, the Plaintiff had the right as a ward of the Federal Bureau of Prisons, and while in custody of the Defendants, to personal security and bodily integrity.

21. The actions taken by the Defendants in deprivation of the Plaintiff's civil rights represent and were the product of the official policies, customs or practices of Defendants and/or the U.S Constitution.

22. Defendants' actions and omissions impacted upon the Plaintiff, a ward of the U.S. Department of Justice and resident in the custody of the Federal Bureau of Prisons, and subjected her to suffer violations of his constitutional right to personal security and bodily integrity under the Due Process Clause of the Fourteenth Amendment. As well as these constitutional violations, the Defendants had an affirmative due process duty to protect the Plaintiff because he was a resident and in the custody of the Federal of Bureau of Prisons. Defendants violated these constitutional rights and duties by: failing to protect the well-being of the Plaintiff and failing to release the Plaintiff at the conclusion of incarceration and any other actions or omissions that may be discovered during the course of this lawsuit.

23. As a whole, the Defendants' conduct shocks the conscience.

24. Defendants' actions were intentional, willful, wanton, and displayed a deliberate, reckless, and callous indifference to Plaintiff's federally protected rights, and therefore

25. In taking and implementing such actions the individually named Defendants were the final policy-making authorities and decision makers for Defendants.

26. To the extent any of the Defendants were not directly or personally involved in the policies, customs, practices and actions resulting in the deprivation of the Plaintiff's rights each Defendant ratified and/or confirmed the same and, in doing so acted with deliberate indifference to the Plaintiff's constitutionally protected rights and interests.

27. Defendants are responsible because of their authorization, participation in, ratification and/or condoning of the actions alleged above, and for their omissions to perform acts which they are legally required to do.

28. As a direct and proximate result of the Defendants' deprivation of privileges, rights and/or immunities owed to the Plaintiff, he has suffered damages, including but no limited to physical injury, emotional distress, mental anguish, severe depression, and resulting pain and suffering, as well as punitive damages to deter these Defendants and others from similar conduct in the future.

29. As a result of the conduct of Defendants, Plaintiff has been required to retain legal counsel and services in order to pursue this action. Plaintiff requests an award of attorney fees and costs relating to the prosecution of this action.

## SECOND CAUSE OF ACTION -VIOLATION OF FEDERAL CIVIL RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983

30.  Plaintiff realleges and incorporates herein all the allegations set forth in all of the preceding paragraphs.

31. The Federal Civil Rights Act provides a civil remedy against a person, who under color of state law, deprives a person of federal rights recognized under 42 U.S.C. Section 1983.

32. 42 U.S.C. Section 1983 provides that:

    a. Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction

thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

33. At all times referred to in this Complaint, Defendants, acting either in concert or in conjunction, or those acting independently, were acting under color of state law, and in their individual capacities.

34. Under the Fourteenth Amendment's Due Process Clause, the Plaintiff had the right as a ward of the Federal Bureau of Prisons, and while in custody of the Defendants, to personal security and bodily integrity.

35. The actions taken by the Defendants in deprivation of the Plaintiff's civil rights represent and were the product of the official policies, customs or practices of Defendants and/or the U.S Constitution.

36. Defendants' actions and omissions impacted upon the Plaintiff, a ward of the U.S. Department of Justice and resident in the custody of the Federal Bureau of Prisons, and subjected her to suffer violations of his constitutional right to personal security and bodily integrity under the Due Process Clause of the Fourteenth Amendment.  As well as these constitutional violations, the Defendants had an affirmative due process duty to protect the Plaintiff because he was a resident and in the custody of the Federal of Bureau of Prisons.  Defendants violated these constitutional rights and duties by: failing to protect the well-being of the Plaintiff and failing to release the Plaintiff at the conclusion of incarceration and any other actions or omissions that may be discovered during the course of this lawsuit.

37. As a whole, the Defendants' conduct shocks the conscience.

38. Defendants' actions were intentional, willful, wanton, and displayed a deliberate, reckless, and callous indifference to Plaintiff's federally protected rights, and therefore Plaintiff reserves the right to seek an award of punitive damages.

39. In taking and implementing such actions the individually named Defendants were the final policy-making authorities and decision makers for Defendants.

40. To the extent any of the Defendants were not directly or personally involved in the policies, customs, practices and actions resulting in the deprivation of the Plaintiff's rights each Defendant ratified and/or confirmed the same and, in doing so acted with deliberate indifference to the Plaintiff's constitutionally protected rights and interests.

41. Defendants are responsible because of their authorization, participation in, ratification and/or condoning of the actions alleged above, and for their omissions to perform acts which they are legally required to do. Such deprivation of the Plaintiff's constitutional rights creates a cause of action against the Defendants pursuant to 42 U.S.C. Section 1983.

42. As a direct and proximate result of the Defendants' deprivation of privileges, rights and/or immunities owed to the Plaintiff, he has suffered damages, including but no limited to physical injury, emotional distress, mental anguish, severe depression, and resulting pain and suffering, as well as punitive damages to deter these Defendants and others from similar conduct in the future.

43. As a result of the conduct of Defendants, Plaintiff has been required to retain legal counsel and services in order to pursue this action. Plaintiff requests an award of attorney fees and costs relating to the prosecution of this action pursuant to 42 U.S.C. Section 1988.

## SECOND CAUSE OF ACTION

44. Plaintiff realleges and incorporates herein all the allegations set forth in all of the proceeding paragraphs.

45. 42 U.S.C. Section 1983 provides that:

   a. Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

46. Plaintiff in this action is a citizen of the United States and the Defendants are reasons for the purposes of 42 U.S.C. Section 1983.

47. Under the Fourteenth Amendment's Due Process Clause, the Plaintiff had the right as a ward of the State of Indiana, and while in the custody of the Defendants, to personal security and bodily integrity.

48. At all times referred to in this Complaint, the acts, omissions and conduct of the Defendants, caused the unlawful deprivation of the Plaintiff's civil rights and were actions taken under color and authority of state law.

49. Defendants developed and maintained policies, procedures, customs and/or practices exhibiting indifference to the constitutional rights of the residents of the FBP that were moving forces behind and proximately caused violations of the Plaintiff's constitutional and federal rights.

50. Such failure by the Defendants to train its employees and subordinates as to their response to appropriate release of Defendants reflects a reckless disregard for or deliberate indifference to the constitutional rights of the residents of the FBP, including the Plaintiff's, such that the inadequate training or supervision as to response represents the FBP's policy, procedure, customs and/or practices.

51. The Defendants' denial and indifference to the Plaintiff's requests to be released from incarceration represents a pattern of unconstitutional conduct that known to the Defendants.

52. The Defendants' failure to correct this pattern represents a deliberate indifference to the Plaintiff's constitutional rights.

53. As a direct and proximate result of the Defendants' unlawful conduct, the Plaintiff has suffered constitutional deprivation of privileges, rights and/or immunities, other damages, including but not limited to physical injury, emotional distress, mental anguish, severe depression, and resulting pain and suffering.

54. As a result of the conduct of Defendants, Plaintiff has been required to retain legal counsel and services in order to pursue this action.  Plaintiff requests an award of attorney fees and costs relating to the prosecution of this action pursuant to 42 U.S.C. Section 1988.

## THIRD CAUSE OF ACTION

55. Plaintiff realleges and incorporates herein all the allegations set forth in all of the proceeding paragraphs.

56. The acts set forth above constitute negligence, gross negligence, assault, and negligent and intentional infliction of emotional distress, by the Defendants under the laws of the State of Ohio.

57. This Court has pendent jurisdiction to adjudicate these claims.

58. Plaintiff has previously complied with any bond requirement by filing in compliance of local rules.

59. As a direct and proximate result of the Defendants' acts or omissions, Plaintiff has suffered damages, including but not limited to physical injury, emotional distress, mental anguish, severe depression and resulting pain and suffering.

60. As a result of the conduct of Defendants. Plaintiff has been required to obtain legal services and requests reasonable attorney fees for services under the laws of the State of Indiana.

### FOURTH CAUSE OF ACTION – FALSE IMPRISONMENT

61.  Plaintiff realleges and incorporates herein all the allegations set forth in all of the proceeding paragraphs.

62. Defendant did not release the Plaintiff from incarcerated as ordered by the Court.  The Plaintiff was continued to be detained approximately six months past his time of required release.

63. Defendant Hales' actions constitute false imprisonment.

64. Such false imprisonment was a direct cause of harm suffered by the Plaintiff.

65. The acts or omissions of some or all of the Defendants exposed the Plaintiff to continuing imprisonment.

66. As a direct and proximate result of the Defendants' acts or omissions, Plaintiff has suffered damages, including but limited to physical injury, emotional distress, mental anguish, severe depression and resulting pain and suffering.

67. As a result of the conduct of Defendants. Plaintiff has been required to obtain legal services and requests reasonable attorney fees for services under the laws of the State of Indiana.

## FIFTH CAUSE OF ACTION- NEGLIGENCE

68. Plaintiff realleges and incorporates herein all the allegations set forth in all of the proceeding paragraphs.

69. Defendants owed a duty of care to the Plaintiff and breached said duty at the time of the occurrences and events set forth above.

70. Further, Defendants were negligent as a matter of law as it relates to the Plaintiff. Said negligence is imputed to certain Defendants in accordance with applicable law.

71. Defendants breached their duty to the Plaintiff, a ward of the Federal Bureau of Prisons at the time of said actions, by failing to release him from incarceration.

72. As a direct and proximate result of the Defendants' acts or omissions, Plaintiff has suffered damages, including but limited to physical injury, emotional distress, mental anguish, severe depression and resulting pain and suffering.

73. As a result of the conduct of Defendants. Plaintiff has been required to obtain legal services and requests reasonable attorney fees for services under the laws of the State of Indiana.

## SIXTH CAUSE OF ACTION – GROSS NEGLIGENCE, WILLFUL OR RECKLESS MISCONDUCT

74. Plaintiff realleges and incorporates herein all the allegations set forth in all of the proceeding paragraphs.

75. In addition, Defendants breached their duty to the Plaintiff, a ward of the Federal Bureau of Prisons at the time of said actions, were grossly negligent, willful or reckless in hiring, failing to supervise, negligently retaining and failing to release the Plaintiff from incarceration.

76. As a direct proximate result of the Defendants' acts or omissions, Plaintiff has suffered damages, including but not limited to physical injury, emotional distress, mental anguish, severe depression, and resulting pain and suffering.

77. As a result of the conduct of Defendants. Plaintiff has been required to obtain legal services and requests reasonable attorney fees for services under the laws of the State of Indiana.

## SEVENTH CAUSE OF ACTION – NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

78. Plaintiff realleges and incorporates herein all the allegations set forth in all of the proceeding paragraphs.

79. Defendant Hale, acting within the scope of his agency, negligently, recklessly and intentionally engaged in extreme and outrageous conduct by not releasing the Defendant from incarceration as ordered.

80. In addition, Defendants, at the time of said actions, were negligent, reckless, willful and wanton in their supervision of the release of the Plaintiff from incarceration.

81. As a result of the conduct of Defendants, Plaintiff has been required to obtain legal services and requests reasonable attorney fees for services under the laws of the State of Indiana.

## **PRAYER**

WHEREFORE, Plaintiff prays for the following relief:

a.  Entry of judgment in her favor on each of her claims herein;

b.  For special damages for past and future medical or psychological care which, at a minimum, meet the jurisdictional threshold of this Court;

c.  For general damages for pain and suffering, emotional distress, and mental anguish in amount to be proven at trial which, at a minimum, meet the jurisdictional threshold of this Court;

d.  For leave to amend this Complaint to add additional causes of action and/or damages, including punitive damages, based on the outcome of discovery and pretrial proceedings in this matter;

e.  Attorney fees and costs of suit;

f.  Such other and further relief in law and equity as may be deemed appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial on all claims and causes triable by jury in this action pursuant to Rule 38, Federal Rules of Civil Procedure.

Dated this 3rd day of December, 2021.

_____
Michael Sarapata, Esq.
117 Walnut Street
Lawrenceburg, IN 47025

(513)720-2090 phone
(812) 537-2090 phone
(812) 537-2094 fax
sarapatalaw@gmail.com